UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
MICHAEL O'TOOLE, MICHAEL C.
BOURGAL, DARIN JEFFERS, FRANK H.
FINKEL, MARC HERBST, THOMAS F.
CORBETT, ROBERT G. WESSELS, and
ROCCO TOMASSETTI SR., as Trustees and
Fiduciaries of the Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, and the Local 282 Job              **REPORT AND RECOMMENDATION**
Training Fund,
                                                        **25-CV-2311 (LDH) (ST)**
                        Plaintiffs,

        -against-

LIBERTY II TRUCKING LLC,

                        Defendant.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

Before this Court is a motion by Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Michael C. Bourgal, Darin Jeffers, Frank H. Finkel, Marc Herbst, Thomas F. Corbett, Robert G. Wessels, and Rocco Tomassetti Sr. ("Plaintiffs") seeking an entry of default judgment against Liberty II Trucking LLC ("Defendant") (together, "the Parties") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for failure to answer or otherwise respond to Plaintiffs' Complaint, as well as a motion to stay consideration of the default judgment motion on the grounds that, although no appearance has yet been entered for Defendant, the Parties have agreed to discuss a potential settlement of this matter without the need for further litigation. *See* Mot. Default J., ECF No. 10; Mot. Stay, ECF No. 11. While not expressly stated, the Court presumes that Plaintiffs seek to stay the motion for default judgment because a global settlement of the claims at issue would render the motion moot and, in the alternative, the possibility that Defendant may appear

- 2 -

and move to vacate the entry of default would require briefing by the Parties, thus delaying adjudication of the default judgment motion.

While styled as a motion to stay consideration of the default judgment application, Plaintiffs effectively seek to hold the motion for default judgment in abeyance for 45 days so that the Parties may discuss a possible settlement. Mot. Stay, ECF No. 11; *see RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 1-CV-1290, 2003 WL 22801918, at *2 (S.D.N.Y. Nov. 24, 2003). However, it would be more efficient to simply deny the motion for default judgment without prejudice, with leave for Plaintiffs to renew in the event that settlement discussions are unsuccessful. *Feldman v. Deutsche Bank Nat'l Tr. Co.*, No. 22-CV-6262 (EK) (ST), 2025 WL 1640536, at *1 (E.D.N.Y. Feb. 12, 2025), *report and recommendation adopted*, No. 22-CV-6262 (EK)(ST), 2025 WL 1640537 (E.D.N.Y. Feb. 27, 2025).

Thus, the Court respectfully recommends that Plaintiffs' motion to stay be DENIED, that Plaintiffs' motion for default judgment be DENIED WITHOUT PREJUDICE with leave to refile, and that Plaintiffs be ORDERED to submit a status report by September 1, 2025, advising the Court whether the Parties intend to settle this action.

- 3 -

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       July 1, 2025